177 So. 239
**STATE v. TAYLOR.**
No. 34409.
Nov. 2, 1937.

W. T. Holloway, of Jonesboro, and Eugene Beck, of Winnfield, for appellant.

Gaston L. Porterie, Atty. Gen., James O'-Connor, Asst. Atty. Gen., Harry Fuller, Dist. Atty., of Winnfield, and Vinson M. Mouser, Asst. Dist. Atty., of Columbia, for the State.

ODOM, Justice.

The defendant prosecutes this appeal from a conviction of the crime of involuntary manslaughter and the judgment sentencing him to hard labor for one year. The indictment returned by the grand jury charges that the defendant, "by the unlawful operation and use of a certain vehicle, to-wit, a motor truck, in a grossly negligent and grossly reckless manner, but not wantonly, did then and there unlawfully and feloniously cause the death of one Ogden Blake, thereby then and there committing the crime of involuntary homicide."

There are five bills of exception in the record, all so related that they may be discussed together. The district attorney announced in his opening statement to the jury that he expected to prove that the defendant had caused the death of the deceased by the reckless use of a motortruck, and that he was drunk or drinking at the time. Several witnesses called by the State testified that defendant was under the influence of liquor at the time he ran his truck into the one operated by the deceased.

The defendant took the stand as a witness in his own behalf, and on cross-examination the district attorney asked him if he was under the influence of liquor at the time of the crash. He replied that he was not, and then volunteered the statement that he "never did drink at any time." After this statement was made, the district attorney referred to certain times and places and asked him if it was not a fact that he was drinking and guilty of reckless driving on those occasions.

These questions were objected to by counsel for the defendant, on the ground that the testimony sought to be adduced was irrelevant and immaterial. The district attorney then announced that the purpose of the questions was to lay a foundation for the impeachment of the witness. The judge sustained the objections in so far as any former acts of reckless driving were concerned, but permitted the questions in so

far as they related to defendant's drinking habits. Defendant's counsel excepted to the court's ruling and reserved the several bills found in the record.

Conceding without discussion or ruling thereon that the judge erred in his ruling, the error was harmless because, in answer to the State's questions whether he had been intoxicated on other occasions while operating his truck, the defendant said that he had not. The district attorney pursued the matter no further, called no witnesses to impeach the testimony of the defendant. The defendant, therefore, had the benefit of his own testimony, which was that he had never before indulged in the use of intoxicating liquors. He therefore sustained no injury from the attempt by the district attorney to prove that he was intoxicated while operating his truck on prior occasions.

Article 557 of the Code of Criminal Procedure provides that:

"No judgment shall be set aside, or a new trial granted by any appellate court of this State, in any criminal case, on the grounds of misdirection of the jury or the improper admission or rejection of evidence, or as to error of any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right."

The judgment is affirmed.

HIGGINS, J., takes no part.