LOTTINGER, Judge.
This is a suit brought by David E. King against A. A. Rabalais, and his insurer the Travelers Insurance Company, for personal injuries and property damages resulting from an automobile accident. The Lower Court rendered judgment in favor of defendants and dismissed petitioner’s suit. ■The petitioner has taken this appeal.
The evidence shows that on the night of August 27, 1953, at approximately 7:30 o’clock, Mr. H. L. Ryals, an employee of defendant Ra.balais, was driving defendant’s truck in an easterly direction on U S. Highway 190 at a .distance of about four and a half miles east of Ponchatoula. Mr. F. D. Compton, a relief driver for defendant, was a passenger in the defendant’s truck. As Ryals and Compton were proceeding on their way, Ryals thought that his right front tire had become flat and stopped his truck in order to check said tire. He stopped the truck with its right wheels off the concrete slab a distance of two or three feet. As he was checking the tires, the petitioner, who was also proceeding along said highway in an easterly direction, swerved to go around the stopped truck when he noticed a car approaching - in the opposite direction. In order. to avoid colliding with the approaching, car, the petitioner went into his left hand ditch resulting in property and personal damages upon which this suit is based.
The petitioner alleges that the defendant driver was negligent in parking his truck on the highway with no lights. He admits that he was driving 50 or 55 miles per hour at the time of the accident, and that he did not notice the truck until he was 30 or 50 feet from it. He claims that he would have been able to" pass in safety had it not been for the approaching car.
Defendant claims that, all lights on the truck were working and were on at the time of the accident. The relief, driver, who remained in the , cab while the driver checked the tires, stated that upon noticing petitioner approaching, he commenced to blink the tail lights so as to warn petitioner of the stopped truck. The driver testified that he noticed the tail lights blinking as he walked around, the truck.
The truck has a flat metal surface in the rear with two doors. The rear end of the truck has five lights and two reflectors. Although it had been raining shortly prior to the time of the accident, no rain was falling at the time. However, the weather was still inclement, it was very dark and the pavement was wet.
The facts, as found by the Lower Court, are as follows:
“The plaintiff .testified that the road started to turn about 100 to 150 yards from where the accident occurred, and that he could not see the car approaching from the east because his view was blocked by the truck.
“The testimony of A. J. Zabbia, engineer and surveyor, is that he measured the highway from the driveway of Harold Parks to the east and that there was a clear distanqe of 1652 feet to the curve, and he further testified that the minimum sight distance was 1200 feet. His testimony is accurate whereas the testimony of the other witnesses as to the distance was a guess.
“The Court is satisfied that the plaintiff was guilty of negligence in that he *141 failed to notice the track parked on the highway and was going at such a speed that he could not stop within the range of his lights. The lights of the approaching car could not have blinded him because by his own testimony he did not -see them until he swung out into the other lane to avoid striking the truck.’ I know that on dark nights a reflection of a car coming from another direction can be seen for some distance. There was between 1200 and 1600 feet for the. plaintiff to have seen either the, lights of the approaching car or its reflection in the dark night would warn him that a car was coming. In other words, he failed to see what a reasonably careful man would have seen in the ordinary course of events and this constitutes negligence on his part.,
“There is some question as to whether or not a car was coming from the east to the west and several witnesses testified that there was no such car until after the wreck. However, for the purpose of deciding this case the court did not think it would matter because it has found that the plaintiff was guilty of negligence in failing to exercise the. proper lookout and see either the truck in time to avoid the accident or the 'approaching car which should have warned him of an approaching traffic hazard.”
That the petitioner was traveling too fast under the circumstances is apparent from his own testimony. He testified that under usual conditions his headlights would shine for a distance of from 75 feet to 100 feet in front, and that any object within said distance would be apparent. Because of the inclement conditions and wet pavement at the time of the accident, however, his headlights only shone for a distance of from 30 or 50 feet. Under the circumstances, his speed of 50 or 55 miles per hour was too fast.
The general rule, as laid down by the Courts of this state, is that a motorist must keep his vehicle under such control as to be able to bring it to a -complete stop within a distance which his headlights project. Although this rule has its exceptions, we do not .believe that the circumstances as set forth in the evidence were so extraordinary as to plac.e this case within the exception.
Assuming for the sake of argument that there was some negligence on the part of the defendant driver, we feel that the facts clearly show that the petitioner was also negligent, and that his negligence was a proximate cause of the accident. The mere fact of his travelling at a speed of from 50 to 55 miles per hour, when the projection of his headlights is only a distance of-30 to 50 feet convinces us that he was going too fast. In addition to this, he knew that the pavement was wet, and that he, was unable to stop within the distance of projection of his headlamps at that speed.
The rear end of defendant’s truck had a large facing of metal. There is some' testimony to the effect that there were several lights on the rear of the truck, while there is testimony that there were none. Petitioner admits that he was not blinded by the lights of the oncoming vehicle. As was stated in Odom v. Long, La.App., 26 So.2d 709, 710:
“The testimony is not conclusive as to whether the taillights on the trailer were burning. Whether they were burning or not has no controlling influence .on the question of proximate cause of the collision. That cause is clearly traceable to plaintiff’s own negligence in not seeing the trailer in time to avert the collision, and this, too, regardless of whether the lights were burning or'not. The trailer’s body consisted of boards some 25 inches high, and its rear end presented a solid wall to plaintiff as he drew near it. It was his duty to’ have seen the trailer in time to avoid running into it and no valid reason in law is given, nor does any appear, why he did not timely see ‡ ‡ »
*142 In Woodall v. Southern Scrap Material Co., La.App., 40 So.2d 495, 498, the Court said: ;
“In Hemel v. United States Fidelity and Guaranty Company, supra, we said (La.App., 31 So.2d 38, 39): ‘While in innumerable cases it has been held that regardless of the primary negligence of the person who has left the other vehicle or obstruction in the road, the failure of the operator of a motor vehicle to stop his car before running into a stationary vehicle or other obstruction in the road ahead of him constitutes such contributory negligence as will prevent recovery for injuries to him or for damage sustained by the vehicle driven .by him, it has also been definitely established 'in our jurisprudence that this result should be reached in each case only after taking into consideration all of the circumstances and facts surrounding the particular occurrence.’
“The well established rules to which we have ..referred have not, been changed by the decision of the Supreme Court in Dodge v. Bituminous Casualty Corporation, rendered on February 14th, 1949 [214 La. 1031], 39 So.2d 720. That opinion, with the ‘per curiam’ by which a rehearing was refused, indicates to us that the Supreme Court is still of the opinion that the driver of a vehicle is under the primary duty of operating it so that he will not run into any obstruction or vehicle ahead of him, but that there may be exceptional circumstances which will excuse his failure to see such obstruction or other vehicle in time to avoid it.”
The facts of the instant case are such as' not to render it subject to the exceptions which have arisen to the general rule.
The evidence, and photographs introduced, show that the rear of the truck was large, with two large doors. The driver and relief driver of the truck both testified that the taillights of the truck were on at the time of the accident. Three disinterested. witnesses testified that they saw blinking lights on the truck, but did not know whether the lights were on the rear of the truck. The only evidence to the contrary relative to the lights was that of petitioner who stated that there was none, and the investigating patrolman who testified that there was one weak light burning on the rear of the truck at the time he investigated the accident.
Only petitioner and one witness testified as to an approaching car at, or about, the time of the accident. The defendant and relief drivers, and two bystanders testified that there were no cars approaching at ,the time of the accident.
It is our opinion that the petitioner was negligent in driving too fast under the particular circumstances presented. We believe that his excessive speed was a proximate cause of the accident, for which recovery will be denied.
For the reasons assigned, the judgment of the Lower Court will be affirmed, all costs to be paid by petitioner.
Judgment affirmed.