TATE, Judge.
Plaintiff Mouton was awarded judgment for the $1,250 damage sustained by his tractor when a Chevrolet driven by defendant’s insured crashed into its rear end after dark on December 14, 1956.
Defendant’s appeal is chiefly based upon its contention that the proximate cause of the accident was Mouton’s negligence in leaving his tractor (which had been used to pull a truck from the ditch immediately before the accident) parked without flares on the travelled portion of the highway, especially since the shoulders were broad enough for the tractor to have been removed from the road.
The facts show that after pulling the truck from the ditch, Mouton was wrapping the chain at the rear of his tractor with one hand, with a bright headlight in the other hand to signal oncoming traffic. The tractor was headed westward, or toward Rayne, and on its right-hand side of the roadway; Rutherford, defendant’s assured, was also proceeding westward on his own right hand side of the road. A short time before the accident, a car going in the opposite direction passed both plaintiff’s stopped tractor and subsequently, Rutherford’s approaching Chevrolet.
Able counsel for defendant contends that Rutherford was blinded by the lights of the oncoming car and therefore excusably failed to see plaintiff’s tractor parked on the highway and without flares in violation of its statutory duty, LSA-R.S. 32:241, cf. LSA-R.S. 32:441; and thus that the sole or at least a contributory proximate cause of the accident was plaintiff’s negligence in this respect (citing cases such as Suire v. Winters, 233 La. 585, 97 So.2d 404; Vowell v. Manufacturers Casualty Ins. Co., 229 La. 798, 86 So.2d 909; Dodge v. Bituminous Casualty Corp., 214 La. 1031, 39 So.2d 720), so as to bar plaintiff’s recovery.
. However, the cited cases are factually distinguished from the present.
Although Rutherford testified he saw no flashing light at the tractor’s rear before he was temporarily blinded by the opposite-bound car which crossed him (he said) a moment or so before the accident, the trial court accepted as correct the testimony of plaintiff Mouton and his son that Mouton turned and tried to flag down with his bright flashlight Rutherford’s Chevrolet when this vehicle was about 300 feet away, at which time the opposite-bound automobile passed the tractor; and that these two automobiles did not cross one another until approximately 150 feet east of the tractor. (And of course the trial court’s acceptance of one version of an incident given by some witnesses over a contrary version given by another, as a factual determination based on an evaluation of the credibility of witnesses by the trier of fact, should not be disturbed on review in the absence of manifest error. Pierre v. Galloway, La.App. 1 Cir., 96 So.2d 916.)
Thus no reason appears from the record why Rutherford failed to see the tractor, the presence of which was indicated by a waving headlight (which the trial court found to be “very bright”), either before the other car crossed him about 150 feet east of the tractor, or thereafter during Rutherford’s continued approach upon the tractor. We are unable to say that the District Court erred, under the facts found by it, in holding that the sole proximate cause of the accident was Rutherford’s lack of lookout and heedless approach towards and into the rear of a vehicle the presence of which (due to the flagging flashlight) was discoverable by the exercise of due care. Touchet v. Miller, La.App. 1 Cir., 100 So.2d 275; Beard v. A. R. Blossman, La.App. 1 Cir., 94 So.2d 87; August v. Delta Fire & Casualty Co., La.App. 1 Cir., 79 So.2d 114.
Conceding for the sake of argument that Mouton was negligent in leaving his tractor on the country roadway *565 during the intendedly short interval while he was wrapping the tow-chain after pulling the truck from the ditch, and in not having placed out flares, such negligence would not bar his recovery. For the situation of the tractor on the roadway ahead, signalled by the flagging headlight, was discoverable to defendant’s assured and the .accident avoidable by the exercise of ordinary care; and the proximate cause of the accident was therefore the failure of •defendant’s assured to exercise such care, rather than any negligence of the plaintiff which had placed the latter in the position of reasonably discoverable peril. See, e. g., Cassar v. Mansfield Lumber Co., 215 La. 533, 41 So.2d 209.
For the above and foregoing reasons, the judgment of the District Court is affirmed.
Affirmed.