TATE, Judge.
After dark on July 19, 1956, a Mercury automobile collided with the rear of a large truck which had been left on the highway. The present suit is by the collision insurer of the Mercury, as subrogee of the owner-insured, for property damage in the amount of $376.49 sustained by that vehicle. Made defendants were the owner and liability insurer of the truck involved.
Plaintiff appeals from judgment dismissing its suit after trial on the merits.
*232 It is undisputed that an employee of the defendant-insured left the southbound truck parked on the traveled portion of the highway, unlighted and unattended, and .that due to its coloring and the darkness of the night the truck was not easily observable by oncoming traffic.
Based upon such circumstance, in urging reversal of the judgment dismissing its suit, plaintiff relies upon the well established jurisprudence that "a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway” (Vowell case, below cited, 86 So.2d 913) and is thus exculpated from any contributory negligence on his part alleged to have arisen from his failure to perceive the not-reasonably-to-be-anticipated obstruction within the range of his headlights and to stop. Suire v. Winters, 233 La. 585, 97 So.2d 404; Vowell v. Manufacturers Cas. Ins. Co., 229 La. 798, 86 So.2d 909; Dodge v. Bituminous Cas. Corp., 214 La. 1031, 39 So.2d 720; Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377; Le Blanc v. Southern Farm Bureau Cas. Co., La.App. 1 Cir., 104 So.2d 279; Washington Fire & Marine Ins. Co. v. Travelers Indem. Co., La.App. 1 Cir., 86 So.2d 743; Gautreaux v. Orgeron, La.App. 1 Cir., 84 So.2d 632; Buford v. Combs, La.App. 1 Cir., 50 So.2d 469.
Concededly, this rule under the circumstances of this case would have been applicable, save for one distinguishing fact: As found by the trial court, a State Policeman was standing in the immediate vicinity of the truck, warning oncoming traffic of the danger, and attempting to flag down plaintiff’s automobile by signalling and waiving with his powerful flashlight. Under similar circumstances, the failure of the oncoming motorist to observe and to heed the warning flashlight was held to be a proximate cause of the collision with the obstructing vehicle. Mouton v. Pacific Indem. Co., La.App. 1 Cir., 102 So.2d 563; see also, White v. State Farm Mut. Auto. Ins. Co., La.App. 1 Cir., 66 So.2d 391. The negligence of plaintiff’s driver herein thus bars recovery and requires affirmance of the dismissal of this suit for damages.
In seeking to avoid application of these last-cited cases, able counsel for plaintiff relies upon testimony of plaintiff’s driver to the effect that the State Trooper was across the road from the truck and had just alighted without sufficient time to have stationed himself to warn oncoming traffic. The driver further stated he was blinded by the headlights of the trooper’s car parked on the shoulder, although he was uncertain whether they were on dim or bright.
The trial court, whose evaluation of the credibility of witnesses should be accepted on review in the absence of manifest error, accepted instead the testimony of the trooper that he had arrived at the scene of the abandoned truck and parked on the shoulder in sufficient time to flag a warning to the oncoming vehicle of plaintiff’s driver continuously from the time it was a quarter of a mile away until the impact, which warning flashlight should have been observed by plaintiff. The trooper further testified he was standing immediately adjacent to the rear of the parked truck, flagging in the usual warning manner to signal the oncoming car to stop, until the continued onset of plaintiff’s vehicle caused him just before the collision to back away so as to avoid injury to himself.
Finding no error in the trial court’s acceptance of the trooper’s testimony instead of plaintiff’s driver’s, and thus that under the authorities above-cited the negligence of plaintiff’s driver constituted a proximate cause of the collision herein, the judgment dismissing plaintiff’s suit is affirmed.
Affirmed.