McCALEB, Justice
(dissenting).
The accident in this case occurred on a dark and rainy night in the upper roadway of St. Roch Avenue on the river side of the intersection of North Miro Street. Plaintiff, a pedestrian, was attempting to cross this roadway from the neutral ground corner, when he was struck by the right front end of defendant’s car, which was being driven by his 19-year-old son who had turned into the roadway from North Miro Street, a one-way thoroughfare running towards uptown, crossing St. Roch Avenue at right angles. St. Roch Avenue is a wide street with double roadways running between the river and the lake and at its upper intersection with North Miro Street there is no street light, which circumstance, together with the inclement weather, rendered driving conditions on the night of the accident hazardous. When young Bondio made a left turn into the St. Roch. Avenue roadway from the South Miro Street intersection, he was travelling, according to his testimony, at approximately 10 miles per hour. At that time plaintiff, a cripple, was walking in the roadway at a point variously estimated at between 20 and 40 feet past the usual pedestrian crossing. Bondio says that, due to the unfavorable driving conditions, coupled with the fact, that the headlights of his car did not focus upon plaintiff until his turn had been completed, he did not discover plaintiff in the roadway until he was within a few feet from him and at a time when he was unable to take effective means to prevent an accident.
On the foregoing statement of facts, which are substantially the same as those found by the majority and the Court of Appeal, I think it clear that Bondio was guilty of negligence. However, the Court of Appeal [95 So.2d 698] deduced (and the majority approves its finding) that, since the driver could not discover the presence of plaintiff sooner because his car was turning to the left and the lights thereof did not focus on him and because of the fact that it was raining heavily at the time and also because plaintiff’s clothing was dark in color, “ * * * there was no reason for him to anticipate that Tauzier would be crossing some distance from the pedestrian lane.” It is on this basis that the majority conclude that “ * * * the driver of the car was free from fault in not discovering the presence of the plaintiff in time to stop before striking him.”
I cannot subscribe to this holding. In my opinion, it is fallacious to conclude that Bondio had no reason to anticipate plaintiff’s presence in the street for the established jurisprudence is that the duty is always upon the driver of a motor vehicle, *527 particularly while driving on a city street, to anticipate the presence of pedestrians in and upon the roadway. And it is also contrary to a proper conception of the motorist’s obligation to the public .to declare that, because of the conditions obtaining on the night of the accident and the failure of the headlights of the car to focus on plaintiff until young Bondio had completed his left turn, he is legally excused from fault. The law, as I understand it, is well settled that the initial duty of those operating motor vehicles is to keep a sharp and constant lookout for pedestrians on the highway and failure of the driver to see that which should have been seen is negligence. Rottman v. Beverly, 183 La. 947, 165 So. 153; Jackson v. Cook, 189 La. 860, 181 So. 195; Jones v. American Mutual Liability Insurance Co., La.App., 189 So. 169; Mahne v. Steele, La.App., 32 So.2d 761 and Maher v. New Orleans Linen Supply Co., La.App., 41 So.2d 101.
The fact that young Bondio was driving at a speed of 10 miles per hour affords no sound ground for concluding that he was prudent. Speed must necessarily be commensurate with the conditions obtaining at the time of the accident and, in view of the inclement weather and the darkness faced by Bondio while negotiating the left turn at the unlighted intersection, he should have decelerated his speed to such an extent that he could stop immediately upon encountering a pedestrian in the roadway. And, indeed, he had no right to assume that plaintiff or other pedestrians might not be crossing the roadway at the time he turned into it.[1]
The majority also indicate that plaintiff was guilty of negligence, finding that he was not within the pedestrian lane at the time he was struck. But, conceding that plaintiff was outside of the pedestrian lane at the time of the accident, I find it difficult to perceive how this had any causal connection with the accident. Young Bon *529 dio says that the reason why he did not see plaintiff sooner was because his lights did not focus upon him until he had made the turn. Therefore, the farther away from the pedestrian crossing that plaintiff is placed would appear to have given Bondio greater opportunity to have observed him and also a greater distance within which to bring his car to a stop.
Finally, the majority, after holding that plaintiff was negligent in crossing a dark street in the rain between intersections, declare that Bondio did not have a last clear chance to avoid striking him because plaintiff “ * * * was in a far better position to see the headlights of the approaching car than the driver was to see him, and was thus in a better position to observe the situation and apprehend the danger before it became imminent.”
This observation, it seems to me, is not factually correct since it is obvious that plaintiff, while crossing the roadway of St. Roch Avenue from the neutral ground to the uptown side of the street, necessarily had his back turned to the Bondio car which was admittedly approaching from the rear on North Miro Street. According to Bondio, the lights of his car did not bring plaintiff into focus until he was right on him. If this be so, it is to be wondered how plaintiff could observe the lights of the car, without turning his head to the rear, prior to the time he was struck.
I respectfully dissent.

. The two cases cited by the majority in support of its opinion that Bondio was freo from negligence, Dodge v. Bituminous Casualty Corp., 214 La. 1031, 39 So. 2d 720 and Vowell v. Manufacturers Casualty Ins. Co., 229 La. 798, 86 So.2d 909, are totally inapplicable to this case. Those suits involved accidents occurring at night to motorists who collided with trucks which had been negligently parked upon the highway without lights or flares. The issue in those matters was not whether the defendants were primarily at fault as this was conceded; it was whether the respective plaintiffs were guilty of contributory negligence in failing to see the negligently parked vehicles obstructing the highway in time to avert a collision. The Court held that contributory negligence had not been established. Surely these cases, involving collisions with obstructions on an open highway, are hardly comparable with and are without pertinence to an accident like this, occurring in a populated city in which a pedestrian is struck by an automobile, and furnish no reasonable basis for saying that the motorist in this case is entitled to be exonerated from his fault in failing to see the pedestrian and have his car under such control so as to avoid striking him.