124 So.2d 607 (1960)
Vincent FONTENOT, Plaintiff-Appellant,
v.
David LAFLEUR et al., Defendants-Appellees.
No. 96.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1960.
Rehearing Denied December 14, 1960.
Certiorari Denied January 9, 1961.
Preston N. Aucoin, Ville Platte, for plaintiff-appellant.
Fruge & Foret, by Jack C. Fruge, Ville Platte, for defendants-appellees.
Before TATE, SAVOY and CULPEPPER, JJ.
TATE, Judge.
On February 18, 1959, a Chevrolet driven by the defendant Lafleur struck the rear of a vehicle being manually pushed on a state highway by Vincent Fontenot, who was thrust to the ground and sustained a fractured skull. By this suit Fontenot seeks to recover the damages thereby sustained from the defendant Lafleur and his liability insurer. The plaintiff appeals from judgment dismissing his suit after trial on the merits.
In our opinion the following facts found by the trial court are supported by the preponderant evidence:
The accident occurred two miles south of Ville Platte after dark, between six and seven on a February evening. Earlier, the plaintiff Fontenot had backed his car from his home driveway out onto the blacktopped state highway between Ville Platte and Chataignier, but it immediately stalled facing south in the south-bound traffic lane.
*608 He had sent for a neighbor and they, with Fontenot's young brother, had manually pushed the car approximately 300 feet down this lane of the highway when its rear was struck by the defendant Lafleur's Chevrolet.
It is undenied that the plaintiff's right tail-light was not lit and that most of the red reflector glass was missing on his left tail-light, the bulb of which however was lit; but we think that the trial court correctly found that even this illumination[1] was not visible to oncoming traffic because the plaintiff's young brother pushing the car was standing in front of the light until a moment before the impact (when a companion alarmed by the oncoming lights pulled him to safety in the west ditch).
The defendant driver, Lafleur, had been driving southerly from Ville Platte at a speed of 35-40 mph. While approaching the scene of the accident, he had been forced to slow by the bright lights of a northbound vehicle, which failed to respond to the defendant driver's dimming of his own bright lights. As the continued onset of these bright lights blinded him, the defendant Lafleur applied his brakes, but almost simultaneously with this application he hit the rear of the plaintiff's vehicle in an impact which caused relatively slight property damage.
Under these facts, we think that the trial court correctly denied plaintiff recovery. The plaintiff's negligent failure to remove his disabled vehicle from the traveled lanes of the highway as soon as possible and especially to protect traffic approaching from his rear by adequate lights and signals was a proximate cause of this accident. Suire v. Winters, 233 La. 585, 97 So.2d 404; Dodge v. Bituminous Cas. Corp., 214 La. 1031, 39 So.2d 720; Puissegur v. Louque, La.App. 1 Cir., 113 So.2d 795; Gaines v. Hardware Mut. Cas. Co., La.App. 1 Cir., 86 So.2d 218.
As the able counsel for the appellant contends, if the admissible evidence at the trial so warrants, a plaintiff may recover under the last clear chance doctrine even though he has not specifically pleaded it. Lee v. Kastner, La.App.Orl., 69 So.2d 137; Boullion v. Bonin, La.App. 1 Cir., 2 So.2d 535; Iglesias v. Campbell, La.App. 2 Cir., 175 So. 145. "Under the last clear chance doctrine as enunciated by Louisiana jurisprudence, a motorist who observes or who should by the exercise of reasonable care have observed another in a position of peril may be held responsible for injuries caused by an ensuing collision with the other despite any contributory negligence on the part of the latter if, after the duty to make such observation arose, the motorist could reasonably have avoided the accident. (Citations omitted)," Belshe v. Gant, 236 La. 17, 102 So.2d 477, 479.
The evidence before us does not, however, justify recovery for plaintiff upon that principle because the defendant Lafleur could not reasonably have avoided colliding with the plaintiff's darkened car subsequent to the time that he should reasonably have observed it, Franklin v. Holomon, La.App. 1 Cir., 110 So.2d 776; for a night motorist is not negligent for a failure to perceive and a consequent failure to avoid colliding with an obscured vehicle obstructing his path on the traveled portion of the highway, if such motorist could not reasonably have anticipated that his traffic lane was so obstructed and if he could not by the exercise of reasonable prudence have observed the obstructing vehicle in time to have avoided colliding with it, Suire v. Winters, 233 La. 585, 97 So.2d 404; Vowell v. Manufacturers Cas. Ins. Co., 229 La. 798, 86 So.2d 909; Fisher v. Norwich Union Fire Ins. Soc., La.App. 1 Cir., 119 So.2d 562; Washington Fire & Marine Ins. Co. v. Canal Ins. Co., La.App. 1 Cir., 110 So.2d 231; and the many cases therein cited.
*609 The plaintiff strenuously contends, nevertheless, that the primary proximate cause of this accident, superseding any prior negligence on his own part, was the defendant Lafleur's negligent failure, as soon as the bright lights of the oncoming vehicle interfered with his vision, to stop his own automobile or else to bring it under such control as to stop immediately in the event of emergency, citing Manning v. Fortenberry Drilling Co., La.App. 2 Cir., 107 So.2d 713; Land v. Colletti, La.App. 1 Cir., 79 So.2d 641; McDowell v. National Sur. Corp., La.App. 1 Cir., 68 So.2d 189; Rachal v. Balthazar, La.App. 2 Cir., 32 So.2d 483; Locke v. Shreveport Laundries, 2 Cir., 18 La.App. 169, 137 So. 645; Pepper v. Walsworth, 2 Cir., 6 La.App. 610. It is pointed out that the defendant's Chevrolet left skidmarks only 25' in length before the point of impact and that the defendant driver admitted that he did not see the plaintiff's vehicle before the impact.
A fair reading of the defendant Lafleur's testimony in its entirety concerning this question (Tr. 30-38) indicates that, although the continuing onset without dimming of the bright lights of the other vehicle interfered more and more with his vision, nevertheless it was not until the vehicles were about four hundred feet from one another that the defendant's driver was "blind pretty much" (Tr. 34), although "that wasn't too bad, I had my dim lights on, I can see close to me" (Tr. 37). At that time he commenced slowing, following which he was completely blinded and immediately applied his brakes, immediately thereafter striking the unlighted car of the plaintiff.
If the present night motorist had a reasonable opportunity after being blinded to avoid the collision by stopping or slowing, then the cited decisions might be applicable. However, under the present facts, with the approach together of the two vehicles at the combined speed of both, only several seconds elapsed between the time that the oncoming vehicle's bright lights substantially interfered with the vision of the defendant driver and the time that the latter collided with the plaintiff's vehicle, and we do not think that the defendant driver could have reasonably avoided the accident during that short interval.
For the foregoing reasons, the judgment dismissing the plaintiff's suit is
Affirmed.
NOTES
[1] Cf., Puissegur v. Louque, La.App., 1 Cir., 113 So.2d 795, 798: "Motorists ordinarily do not see automobiles traveling in front of them by the power of their own lights but by the red tail lights on the forward car."