198 So.2d 514 (1967)
Walter SITTIG, Plaintiff-Appellee,
v.
SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Defendant-Appellant.
No. 1992.
Court of Appeal of Louisiana, Third Circuit.
April 26, 1967.
Rehearing Denied May 18, 1967.
Writ Refused June 30, 1967.
*515 Edwards & Edwards, by William Broadhurst, Crowley, for defendant-appellant.
Guillory, Guillory & Guillory, by Louis Dischler, Jr., Eunice, for plaintiff-appellee.
Before TATE, SAVOY and HOOD, JJ.
TATE, Judge.
This tort suit results from a collision at dusk. The plaintiff Sittig's vehicle crashed into an unlighted truck parked on the roadway by the defendant's insured (Miller). The defendant appeals from adverse judgment.
The defendant-appellant urges that the trial court erred in holding that its insured Miller was negligent and that the plaintiff Sittig was free from contributory negligence. The contentions of error are chiefly factual in nature, based upon an argument that the preponderance of the evidence does not support the trial court's finding of dusky darkness at the time of the accident.
The great preponderance of the evidence shows that Miller's heavy truck was parked encroaching some 5-6 feet onto the eastbound lane of the blacktop roadway. Sittig was approaching headed east. The weight of the evidence shows that at the time there was oncoming a westbound line of vehicles with lights on.
We find no error in the trial court's accepting the testimony of the plaintiff's nine witnesses (six by stipulation) that the accident happened about fifteen minutes after sunset and that, at the time, unlighted vehicles could not readily be observed due to the dusky darkness. The trial court thus did not accept contrary testimony by six witnesses,[1] who testified generally that there was still enough light to perceive the truck on the road ahead. In the absence of manifest error, the trial court's findings of fact based upon its evaluation of the credibility of the witnesses will not be disturbed on appeal.
Due to the oncoming traffic, Sittig's lights were on dim, which the evidence shows would not pick up the darkened truck or the reflector strips on it until Sittig was within 75-90 feet of it. The investigating trooper measured Sittig's skid marks as 75 feet in length prior to the impact.
The facts thus show that the plaintiff Sittig was approaching at a speed of 45-50 mph with his lights on dim, with no reason to expect the travel lane ahead of him to be obstructed. As he approached the immediate vicinity of the dark and unlighted truck, his vision was obscured by the bright headlights of oncoming traffic.
Sittig applied his brakes right after he observed the darkened truck obstructing his lane in the dusk ahead, just after two westbound vehicles had crossed him in the opposing traffic lane, at a time when Sittig's vehicle was approximately 150 feet from the truck. He was unable to veer into the other lane because another westbound vehicle was approaching.
The law applicable to these facts is as follows: Our Louisiana Highway Regulatory Act provides that no vehicle may be left parked on highways between sunset and sunrise without appropriate signal lights thereon to warn oncoming traffic of its presence. LSA-R.S. 32:1 at 141, subd. C. *516 Such parked vehicles must be equipped with lights visible from a distance of 500 feet to the front and rear of the vehicle. LSA-R.S. 32:314. Further, outside of a business or residential district, no vehicle may be parked so as to unnecessarily obstruct the main traveled portion of the highway. LSA-R.S. 32:141, subd. A.
Under the trial court's factual finding as to the degree of visibility, Miller's unlighted truck was parked obstructing the highway in violation of these statutory regulations. Such conduct on Miller's part constituted negligence which was a proximate cause of the ensuing collision. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298. See also D & D Planting Co. v. Employers Casualty Co., 240 La. 684, 124 So.2d 908.
Likewise, under the settled jurisprudence, Sittig, the driver of the vehicle approaching the darkened obstacle obstructing his lane, is free of contributory negligence in the collision with this unexpected and obscured object which he could not reasonably have anticipated or perceived sooner; for in such circumstances (in the words of the below cited Vowell decision at 86 So.2d 913) "* * * a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway".
See: Suire v. Winters, 233 La. 585, 97 So.2d 404; Vowell v. Manufacturers Casualty Ins. Co., 229 La. 798, 86 So.2d 909; Dodge v. Bituminous Cas. Corp., 214 La. 1031, 39 So.2d 720; Arnold v. Grain Dealers Mutual Ins. Co., La.App. 4 Cir., 190 So.2d 261; Woods v. Employers Liability Assurance Corp., La.App. 1 Cir., 172 So.2d 100, certiorari denied; Edwards v. Trahan, La.App. 3 Cir., 168 So.2d 365; Graham v. Hartford Accident and Indemnity Co., La.App. 2 Cir., 159 So.2d 333, certiorari denied; Mose v. Insurance Co. v. State of Pa., La.App. 3 Cir., 134 So.2d 312, certiorari denied; Fontenot v. Lafleur, La.App. 3 Cir., 124 So.2d 607, certiorari denied.
As to quantum, the plaintiff answers the appeal to request an increase in the award. The trial court awarded proven special damages and also general damages of $3000 for a moderate cervical sprain with residual (but diminishing) pain and discomfort for approximately a year, together with various other minor injuries.
We find no error in the trial court's failure to award some claimed special damages as unproven. We further find no abuse of the trial court's discretion in the award of general damages, in the absence of which the trial award is left undisturbed upon appellate review, LSA-Civil Code Art. 1934(3), Ballanga v. Hymel, 247 La. 934, 175 So.2d 274, Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64, Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
For the foregoing reasons, we affirm the judgment of the trial court in favor of the plaintiff. The defendant-appellant is to pay the costs of this appeal.
Affirmed.
HOOD, Judge (dissenting).
I agree with my conscientious colleagues in their holding that Miller, the defendant's insured, was negligent in allowing his unlighted truck to obstruct a part of the highway. I cannot agree with them, however, in their conclusion that plaintiff Sittig was free from contributory negligence.
The general rule is that a motorist does not have the right to assume that his course of travel is free of danger or obstruction, in the absence of his ability to see clearly ahead. If he does so assume and continues to travel as though he knew there was perfect clearance ahead, he does so at his own risk and peril. When visibility is greatly *517 impaired because of blinding lights, smoke, mist, dust, etc., a motorist should reduce his rate of speed to such an extent and keep his car under such control as to reduce to a minimum the possibility of accident from collision; and as an extreme measure of safety, it is his duty when visibility ahead is not possible or is greatly obscured, to stop his car and remain at a standstill until conditions warrant going forward. Culpepper v. Leonard Truck Lines, 208 La. 1084, 24 So.2d 148 (1945); Demerest v. Travelers Ins. Co., 234 La. 1048, 102 So.2d 451 (1958); King v. Risdon & W. E. Holoman Lumber Company, 76 So.2d 548 (La. App. 2d Cir. 1954, Cert. denied); Ardoin v. Southern Farm Bureau Casualty Ins. Co., 133 So.2d 129 (La.App. 3d Cir. 1961); Lewis v. Quebedeaux, 134 So.2d 93 (La.App. 3d Cir. 1961); Carriere v. Aetna Casualty Company, 146 So.2d 451 (La.App. 4th Cir. 1962); Eubanks v. Wilson, 162 So.2d 842 (La.App. 3d Cir. 1964, Cert. denied, 246 La. 576, 165 So.2d 479); Brown v. Rousseve, 163 So.2d 849 (La.App. 4th Cir. 1964); Thibodeaux v. Jack's Cookie Corporation, 169 So.2d 918 (La.App. 3d Cir. 1964, Writ refused, 247 La. 365, 171 So.2d 479); Larocca v. Aetna Casualty Insurance Company, 181 So.2d 482 (La.App. 1st Cir. 1965); Broussard v. State Farm Mutual Automobile Ins. Co., 188 So.2d 111 (La.App. 3d Cir. 1966, Cert. denied, 249 La. 713, 190 So. 2d 233).
In Eubanks v. Wilson, supra, the defendant driver was partially blinded by the headlights of two approaching vehicles immediately before he collided with a stalled truck which partially blocked the highway ahead of him. We applied the above stated general rule and, without a dissenting vote, we concluded that the sole proximate cause of the accident was the negligence of the defendant in "driving at a speed greater than that in which he could stop within the range of his vision" and in failing to observe the stalled vehicle in time to avoid an accident. In denying the defendant's application for writs, our Supreme Court stated: "There appears no error of law in the judgment complained of." (165 So.2d 479)
In Thibodeaux v. Jack's Cookie Corporation, supra, the driver of the moving vehicle "was partially blinded by the lights of a vehicle approaching" immediately before he collided with a stalled car. We again, without a dissenting vote, applied the general rule, quoting it substantially in the same language as that above set out, and we held that there were no unusual or extraordinary circumstances which relieved the defendant driver from that general rule. We concluded that the driver of defendant's truck was negligent "in failing to reduce the speed of his truck and to maintain such control over it that he would be able to stop within the range of his vision when he became partially blinded by the approaching headlights." Our Supreme Court denied applications for a writ of certiorari on the grounds that "Under the facts found by the Court of Appeal we find no error of law."
Exceptions to the above stated general rule have been made in a number of cases where, because of unusual and extraordinary circumstances which were found to exist in those particular cases, the driver of the moving vehicle was held to be free from actionable negligence in colliding with a stationary object on the road ahead of him. The majority has cited most of the cases in which it was held that the general rule was inapplicable because of unusual and extraordinary circumstances. One if those cases, Vowell v. Manufacturers Casualty Insurance Co., 229 La. 798, 86 So.2d 909 (1956), apparently is the principal case on which the majority relies for its holding here, since they quote specifically from it.
In the Vowell case our Supreme Court recognized the rule that "a motorist traveling on the public highways after dark or during a rain storm, fog or other abnormal condition, which prevents him from seeing ahead except imperfectly, and for a short time and distance, must guard against striking objects in the road with which he may suddenly be confronted." It specifically *518 pointed out, however, that this rule was not applicable because of the "unexpected and unusual obstruction, which he had no reason to anticipate he would encounter on the highway." The evidence showed that there were two vehicles parked side by side blocking the highway, one of which was a white milk truck, with its tail and clearance lights burning, and the other was a dark, unlighted lumber truck. The driver of the moving vehicle rounded a small curve and started up a slight incline in the highway immediately before he reached the point where these vehicles were parked. The curve and the incline prevented his headlights from illuminating objects very far ahead of him on the highway. As soon as he rounded the curve he observed the milk truck, which was parked principally on the right shoulder of the highway, leaving him plenty of room to pass to the left of it. As he started around the lighted milk truck, however, he then discovered the unlighted dark lumber truck parked along side the milk truck blocking the rest of the highway, and he was unable to avoid striking that lumber truck. The evidence clearly showed such unusual and extraordinary circumstances that it was proper to relieve the driver from the general rule which requires some reasonable degree of attentiveness and caution on the part of a night driver. The facts in the Vowell case, however, are much different from those presented here.
In the instant suit the evidence shows that the insured Miller truck was parked on its left, or wrong, side of the highway, facing plaintiff as he approached, and that the plaintiff collided with the front of that parked truck. The front of the Miller truck was painted red, and it had a white grill with red markings on the grill. Also there were two red reflecting tapes attached to the front of the white grill of that truck. The road was straight and the weather was clear. I interpret the testimony of all of the witnesses to be that although it was about dusk when the accident occurred visibility was such that they could see the truck on the highway for a considerable distance. Plaintiff testified several times that he was "75 to 80 yards" from the Miller truck when he first observed it parked on the road. On two occasions he testified that he was "between 50 to 75 yards" from it, and in one instance he stated that he was "about 50 yards, maybe a little more," away when he first observed the truck after being blinded by the lights. He testified that he was about 75 or 80 yards from the truck when he "started slowing down" from his speed of about 45 or 50 miles per hour, and that he was about 50 yards away when he "started stopping."
In my opinion the evidence in this case does not show any unusual or extraordinary circumstances which can justify excusing or excepting plaintiff Sittig from the general rule hereinabove stated. I think the accident would have been avoided if plaintiff had reduced his rate of speed when his vision first became impaired by the headlights of an approaching vehicle. I believe the general rule should be applied, and that plaintiff should be held to be contributorily negligent in failing to reduce his rate of speed to such an extent that he could control the vehicle he was driving, or bring it to a stop if necessary, in time to avoid a collision after he was able to see the brightly colored parked truck in his lane of traffic.
For these reasons, I respectfully dissent from the opinion rendered by the majority.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.
NOTES
[1] Miller, his wife, his handyman, and by deposition the friend with whom he was talking when the vehicles collided, as well as two of the plaintiff's witnesses.