SARTAIN, Judge.
This suit involves a collision between an automobile which had been immobilized on a highway because of a prior collision and an oncoming motorist which collided with the obstructing vehicle.
On May 2, 1970, at approximately 2:00 o’clock A.M., John R. McCawley, Jr. who was traveling south on Louisiana Highway 30 in Ascension Parish, struck the rear of an Ascension Parish Sheriff’s vehicle, knocking it into a ditch adjacent to the road. McCawley’s car came to rest in a position which partially blocked both lanes of travel of the highway. Within three to five minutes, Glenn Schexnayder, the minor son of the plaintiff, approached from the north and collided with the McCawley vehicle. As a result thereof, he sustained personal injuries for which he seeks damages here. Subsequent to trial on the merits, the district court dismissed the plaintiff’s suit. We affirm.
The record indicates that moments after striking the Sheriff’s vehicle, McCawley saw an automobile approaching from the south. He moved down the road in the direction of that car, waved it down, and asked the driver, Mrs. Julia Barrilleaux, to direct her headlights on his unlighted vehicle to warn oncoming motorists. As he was doing so, he became aware of the Schexnay-der vehicle approaching from the opposite direction. He immediately moved up the road towards it and began waving his hands, as he had previously done. At the same time, Mrs. Barrilleaux, afraid that her car might also be struck, pulled away from the accident scene.
In detail, McCawley recounted that he unsuccessfully waved to Schexnayder until he had to dive out of the way to avoid being hit. Passengers in the Barrilleaux car confirmed that they thought he might have been struck. Despite those efforts, the defendant related that he observed no effort by Schexnayder to stop prior to his diving into the ditch. Unfortunately, Schexnayder suffered head and facial injuries in the collision and remembers nothing about the accident.
The trial judge determined that McCaw-ley acted reasonably and prudently after the first accident and did all that anyone could to prevent further mishap. That conclusion made unnecessary any finding as to the contributory negligence of Schexnay-der.
R.S. 32:141(B) provides:
“The provisions of this Section shall not apply to the driver of any vehicle which is *1235 disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
That paragraph requires only that the driver of a stalled vehicle take reasonable steps, under the circumstances, to protect traffic. Payne v. Allstate Insurance Co., 256 So.2d 788 (La.App. 1st Cir. 1971), writs refused 260 La. 1123, 258 So.2d 376 (1972). In Chivers v. Couch Motor Lines, Inc., 159 So.2d 544 (La.App. 3rd Cir. 1964), the court observed:
“Further, considering that the decedent Chivers was making reasonable efforts to warn oncoming traffic of the obstruction caused by his disabled vehicle and that there was not time nor opportunity to remove it from the roadway before the present accident, the decedent was free of fault constituting a proximate contributory cause of the accident. Washington Fire & Marine Ins. Co. v. Canal Ins. Co., La.App. 1 Cir., 110 So.2d 231; Mouton v. Pacific Indemnity Co., La.App. 1 Cir., 102 So.2d 563; White v. State Farm Mut. Auto. Ins. Co., La.App. 1 Cir., 66 So.2d 391. The present facts are thus distinguished, as well as for other reasons, from those in the decision relied upon by appellants, Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298, where the driver of the disabled vehicle was negligent because he made no attempt to warn oncoming traffic of the obstruction to traffic created by his vehicle.”
As indicated by the three to five minute time period which elapsed between accidents, this was not a continuing incident and the status of McCawley’s automobile was that of a disabled vehicle under the statute. McCawley was apparently at fault in causing the initial collision, although that matter is not presently before us. Thereafter, however, his actions complied with the requirements of R.S. 32:141(B). He managed to stop the first vehicle that approached and requested their help to illuminate the dangerous condition that existed. He then, apparently at some risk to himself, attempted to warn Schexnayder, without success. Although his preceding actions may have created an imminent danger, we find no element of the continuing negligence present in Casagrande v. Roullier, 267 So.2d 260, (La.App. 4th Cir. 1972).
Therefore, for the reasons assigned herein, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.