Plaintiff brought this suit against C.L. Hayes; his employer, the Cook Truck Lines, Inc., and the insurance carrier of the truck lines, Bruce Dodson Company, to recover damages for personal injuries which he received when his automobile collided with a freight truck belonging to the said truck lines and driven by said Hayes on November 1, 1943, between 2:30 and 3:00 o'clock A. M. The accident occurred about a mile south of Independence in Tangipahoa Parish. Plaintiff asks for damages in the sum of $896.50 to cover his medical expenses and the sum of $2100 for personal injuries. The trial judge rendered a judgment in favor of plaintiff against all three defendants in the amount claimed, $2996.50. The defendants have appealed.
The plaintiff was driving his car north on paved Highway 51, and the freight truck driven by Hayes was traveling south on said highway. The truck driven by Hayes was one of a fleet of three freight trucks traveling from Durant, Mississippi, to New Orleans. The contention of plaintiff is that the truck driven by Hayes was traveling at an excessive rate of speed, and when it was rounding a slight curve just before meeting the car driven by plaintiff, the truck cut the curve and came over on its left or plaintiff's side of the highway, causing the car of plaintiff to strike the truck at the rear of the tractor or the front part of the trailer.
The defendants deny any negligence on the part of Hayes, and allege that the accident was caused by the negligence of the plaintiff Miller. It is alleged in the answer of defendants that plaintiff came up the road zig-zagging from one side to the other; that he came over onto the west or the truck's side of the road and struck the truck while it was on its proper side of the road. It is further alleged by defendants that plaintiff* was intoxicated and was unable to control his automobile. As an alternative plea, defendants alleged contributory negligence on the part of plaintiff in case the court finds that the defendant Hayes was guilty of any negligence.
The decided preponderance of the evidence is to the effect that the collision took place on the east or Miller's side of the highway. Several witnesses testified as to the condition of the highway after the accident and the position of the Miller car and the Cook truck. Practically all of these witnesses testified that the Miller car came to a stop on the east side of the highway with its rear wheels in or near the ditch on that side of the road and the front part of the car on the pavement, in a diagonal position facing northwest. The truck was 150 to 175 feet south of the Miller car, and the tractor and trailer part of the truck was in a jack-knifed position with the tractor facing cast on the east shoulder of the road, and the trailer part of the truck diagonally across the east traffic lane, with its rear projecting into the west traffic lane. The Miller car did not go over 25 or 30 feet after the collision, while the truck went about 150 feet down the highway before it came to a stop.
There is also testimony to show that the left fender on the Miller car was knocked off by the collision and was lying east of the center line of the highway in Miller's traffic lane. There was other evidence of the point of collision, such as broken glass, skid marks and other physical facts which *Page 398 
showed that the collision occurred east of the center line of the highway.
The only testimony tending to show that the collision did not occur on the cast side of the highway was the testimony of the drivers of the three trucks. Hayes testified that he was on his side of the highway and the Miller car zig-zagged just before meeting him and ran into the side of his truck. He says that his truck went from 50 to 75 feet after the collision and was stopped in a jack-knifed position across the road.
The driver of the truck ahead of Hayes testified that when he passed the Miller car it was zig-zagging from one side to the other but missed his truck. He went down the highway a short distance after the collision and turned around and went back to the scene of the accident. The driver of the other truck traveling in the rear of the Hayes truck testified that he pulled up to the scene of the accident and parked his truck in front of a night club opposite the scene of the accident. While both of these drivers, one ahead of Hayes and the other behind him, testified that Hayes was traveling on his side of the road, yet we are satisfied that neither of these drivers could see the Hayes truck from the distance they were from it at the time of the accident. While they testified that these trucks were traveling about 200 yards apart, the preponderance of the evidence shows that they were traveling much farther apart than that distance when the collision occurred. In view of the fact that it was a foggy night and the visibility poor, they could not have seen just where the Hayes truck was traveling even though they were no more than 150 or 200 yards from it. The driver in the forward truck could only see through his rear view mirror, and we fail to see how he could tell from the distance he was ahead of the Hayes truck whether or not that truck was on its right side of the road, nor could the driver of the following truck see a sufficient distance ahead of him to tell which side of the road the Hayes truck was on, in view of the limited visibility.
[1, 2] Regardless of the speed of the truck, the fact remains that, according to the decided preponderance of the evidence, the collision took place on Miller's side of the road, indicating that the truck was on its wrong side of the road. The fact that a collision occurs while a vehicle is being driven on the wrong side of the road places the burden on the driver of such vehicle to show that the accident was not caused by his negligence in driving his vehicle on the wrong side of the highway.
[3] Defendants have failed to prove any contributory negligence on the part of the plaintiff. As has already been stated, plaintiff was on his side of the road, and there is no evidence that he was under the influence of intoxicating liquor. He had stopped at a night club on his way from Hammond to Roseland and had engaged in playing cards for two or three hours before the accident, but there is no evidence to support the allegation of intoxication. While two of the truck drivers testified that plaintiff was zig-zagging as he drove past them on the highway, plaintiff denies that he was driving in this manner. He testified that he was going about 30 miles per hour and pulled his car to his right when he saw the truck cutting the curve and getting on his side of the road, but could not avoid the truck. It remains a fact that the collision occurred on plaintiff's side of the road, and if he was zig-zagging on the road, he remained on his side, and if there was any zigzagging on his part, it was not a proximate cause of the accident.
[4] As to the amount of damages, plaintiff has proved his medical expenses as itemized in his petition. At least these items do not seem to be seriously questioned by defendants. As to the claim for personal injuries, the nature of the injury sustained by plaintiff justifies the award of $2100. He received multiple lacerations of the forehead, concussion of the brain, and the fracture of two or three ribs, with some injury to his lung. He remained in the hospital from November 3rd to November 14, 1943, and was treated by a doctor until January of 1944. While the record does not disclose it, it appears from the briefs that plaintiff filed a suit in the district court for a much larger sum *Page 399 
than that claimed in the present suit, but he dismissed that suit when a motion was made to remove the case to the Federal court and filed this suit for a smaller amount so as to keep it within the jurisdiction of the state court.
For the reasons assigned, the judgment appealed from is hereby affirmed at the costs of defendants in both courts.