BAILES, Judge.
Plaintiff brings this action in tort to recover damages for physical injuries she received in a collision between the automobile in which she was riding as a guest passenger and another vehicle. The vehicle in which plaintiff was riding was owned by Wilfred Lasseigne and driven with his permission by his son, Ronald A. Lasseigne, a named defendant herein. The public liability insurer of the Lasseigne automobile was the other defendant, Lumbermens Mutual Casualty Company. The trial court awarded a judgment in favor of plaintiff, in solido, against both defendants in the amount of $5,000. Both defendants appealed, and the plaintiff answered the appeal, seeking an increase in quantum.
The facts of the case are simple. There is no dispute as to what occurred. The only witness that testified concerning the occurrence was the host driver, Ronald A. Las-seigne. The occupants of the other vehicle did not testify. The owner of the other vehicle was Len L. Franklin. From the testimony of defendant Lasseigne, the Franklin vehicle was either proceeding slowly ahead of him or was stopped in defendant’s lane of travel. In the few moments that defendant observed the Franklin vehicle before impact, he could not definitely testify that it was or was not in motion.
Mr. Lasseigne testified that he and the plaintiff had been to a dance party and were returning home at approximately 1:30 on the morning of November 19, 1962, when on the Perkins Road about 1.3 miles south of the city limits of Baton Rouge he ran *485 into the rear of the Franklin vehicle. At the time of the collision he was driving at a speed of 40 to 45 miles per hour and was being approached by oncoming traffic. His guest, the plaintiff v)as asleep on the right front seat. In the impact of the collision, plaintiff was thrown forward into the dash, thereby receiving the injuries, damages for which she seeks to recover in this action. Defendant Lasseigne contends that the vehicle with which he collided had no lights burning prior to the collision.
From the evidence there appeared to be no unusual weather condition, or road condition, or anything extraordinary about the position of the other vehicle on the highway. Although given an opportunity to testify of any extraordinary condition, the defendant made no pretense in his testimony that he was blinded by the oncoming traffic or that his vision was in any manner affected or impaired even momentarily.
It is so well settled that there is no need for citation of authority that a motorist has the duty to discover another vehicle in the road ahead of him if such discovery can be made by the exercise of ordinary and reasonable care.
There are, however, exceptions to the above rule of the road, and the courts have recognized these exceptions where there are found to exist unusual and extraordinary circumstances. The cases embracing these exceptions show forth examples of some unusual circumstances such as weather conditions, road conditions or particular types and kinds of vehicles, or something unusual about the vehicle itself that rendered its discovery not reasonably possible by the exercise of ordinary care. Such cases, not all inclusive, are: Gaiennie v. Cooperative Produce Co., 196 La. 417, 199 So. 377; Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720; Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909; Suire v. Winters, 233 La. 585, 97 So.2d 404; Puissegur v. Louque, La.App., 113 So.2d 795; D & D Planting Co. v. Employers Casualty Company, 240 La. 684, 124 So.2d 908; Washington Fire & Marine Insurance Co. v. Canal Insurance Company, La.App., 110 So.2d 231; Graham v. Hartford Accident and Indemnity Co., La.App., 159 So.2d 333; Fontenot v. Lafleur, La.App., 124 So.2d 607.
In the absence of showing that the driver was confronted with some driving condition or circumstance such as vision obscured, some peculiar weather condition, color of the stopped vehicle, irregular position of the vehicle on the highway, or some other factor present that made the opposing vehicle’s presence on the highway not discoverable by the exercise of ordinary and. reasonable care, we find no reason to abrogate the imposition of the general rule stated supra. We find the defendant driver guilty of negligence in the operation of his vehicle that was a proximate cause of the accident and resulting injuries to the plaintiff.
We find from the evidence that the plaintiff suffered a serious facial injury. She had a broken nose and several facial fractures. The healing process was painful and uncomfortable, and necessarily involved an impairment of body function, that of breathing during the healing period. She was absent from her work for a period of a month, was in the hospital for two weeks, and still has to return periodically to her doctor for checkups. However, she is fortunate in that she has no disfigurement from her injuries. Two very small scars are present but hardly discernible. We do not find that the trial judge exceeded his discretion in fixing the amount of damages. We believe the quantum is neither excessive nor inadequate.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants’ costs.
Affirmed.