GLADNEY, Judge.
This action was brought by the heirs of Mrs. Fannie Wolper, 68 years of age, to recover damages for her death which occurred on the night of December 20, 1962 when she was struck by a taxicab in the 1600 block of Centenary Boulevard in the City of Shreveport. The trial court rendered judgment on the merits of the case rejecting plaintiffs’ demands and the latter have appealed.
On the night of the accident at about 6:20 P.M. it was dark and raining. Mrs. Wolper alighted from a bus at its stop on the west side of Centenary Boulevard near Taliaferro Street. Carrying an umbrella and packages in her arms, she went to the rear of the bus and attempted to cross to the east side of Centenary. After proceeding to a point approximately six feet from the east curb, she was struck by a taxicab being driven by Bobby Durell Ivey and operated by the Local Cab Company, whose insurer is the National Indemnity Company. Both the cab company and its insurer are made defendants herein.
The record reflects that the only eyewitness to the accident was the driver of the cab. Ivey testified that after discharging a passenger close to Centenary on Wy-andotte he was traveling empty and entered Centenary for the purpose of proceeding to downtown Shreveport, and that he was traveling north at a speed of about twenty to twenty-five miles per hour as it was-raining hard and visibility was bad due to the glare of headlights. At a point about one-half block away he observed the bus on the west side of Centenary and as he approached it it moved from the curb in an. arc towards the center of the street. The-bus was traveling south and its lights were-directly in his face. He said he reduced his speed further to about twenty miles per hour and as he was passing the bus he drove-closer to the right side of the street and while so proceeding was suddenly confronted with Mrs. Wolper, who appeared walking directly in front of his cab about five or six feet distant; that he immediately attempted to turn his car to the right and applied his brakes but to no avail and the car struck the pedestrian and proceeded some fifty to sixty feet before it came to-rest on the east side of Centenary Boulevard near the entrance to the Cen Wyan Apartments.
The testimony of Police Officer G. A.. Jackson, who investigated the accident, disclosed that Centenary Boulevard is a two-lane thoroughfare, thirty-six feet wide and paved with asphalt; that the point of impact was six feet from the east curb of Centenary in the middle of the 1600 block and the deceased was struck by the front of the taxicab on the right side. He also testified that measured from the point of impact, there were two street lights, one thirty-seven feet distant to the light pole on the west curb and another thirty feet away at a light pole on the east curb; and that he found no tire or skid marks of the car which traveled sixty-three feet after the impact before it came to rest at the east curb facing north.
Appellants charge negligence to the driver of the taxicab, Bobby Durell Ivey, in that he was traveling at an excessive rate of *123 ■speed; being unable to stop within the range of his headlights; in not having proper control over the vehicle he was driving; and in not observing Mrs. Wolper although he should have seen her in time to avoid the accident.
The evidence leaves no doubt the deceased was negligent by imprudently attempting to cross Centenary Boulevard under the •circumstances shown without exercising due care for her safety. Defendants have specially pleaded contributory negligence and such plea necessarily should be sustained unless the driver of the taxicab ■could have avoided the accident after observing Mrs. Wolper in peril.
Appellants therefore rely primarily upon the last clear chance doctrine and cite the following authorities to support their position : Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4 (1952) ; Belshe v. Gant, 235 La. 17, 102 So.2d 477 (1958) ; Zachery v. Southern Farm Bureau Casualty Insurance Co., La.App., 116 So.2d 847 (1st Cir. 1959) ; Broussard v. Thompson, La.App., 128 So.2d 477 (3rd Cir. 1961); Campisi v. Fidelity & Casualty Co. of New York, La.App., 152 So.2d 88 (3rd Cir. 1963). These authorities give application to the doctrine of discovered peril or last clear chance. In each of the cases it is observed that the driver of the motor vehicle .actually discovered or was in a position where he should have discovered the pedestrian’s peril and with the exercise of reasonable care the driver could have avoided the accident. Further examination of the peculiar facts of these cases show that liability was found because there were no ttnusual circumstances such as weather conditions, road conditions, or particular types and kinds of vehicles, or something unusual that rendered discovery not reasonably possible by the exercise of ordinary care. In the absence of such conditions which preclude the driver from avoiding the accident the doctrine is given application. Cain v. Lumbermans Mutual Casualty Company, La. App., 178 So.2d 483 (1st Cir., 1965).
In the instant case the undisputed testimony shows that Ivey, the driver of the taxicab, was not negligent. His speed was not excessive and according to his testimony and the physical facts adduced upon the trial of the case, he apparently had his vehicle under proper control and was observant of all factors which might have prevented the accident. His vision was unquestionably obscured not only by the weather and glare of lights on the wet asphalt street, but the intervention of the bus prevented observation until it had passed. The case simply presents a situation where the pedestrian imprudently stepped directly in front of an oncoming automobile and the driver had no opportunity to avoid striking her. The last clear chance or doctrine of discovered peril has no application under the facts of this case.
For the foregoing reasons the judgment is affirmed at appellants’ cost.