BOLIN, Judge.
Billie Sammie Jenkins sued D. F. Stone-braker and his insurer for damages resulting from a near headon collision between plaintiff’s truck and a Ford automobile driven by Stonebraker’s minor son. Defendant answered, denying liability, and reconvened seeking damages against plaintiff and against his own liability insurer under the uninsured motorist clause of his policy. Also made defendants were William W. Smith and his insurer, against whom Stone-braker likewise reconvened. For written reasons the trial judge found the accident was caused solely by the negligence of Jenkins, and rendered judgment in favor of Stonebraker and against his insurer and Jenkins in solido. From this judgment the aggrieved parties have appealed.
About midnight on November 17, 1963, Jenkins was driving his pickup truck south on U. S. Highway #71 in Bossier Parish, Louisiana. While thus proceeding, his truck was involved in a collision with a northbound automobile owned by D. F. Stonebraker, driven by his minor son, John D. Stonebraker. Immediately following the collision between the Jenkins and Stone-braker vehicles the Jenkins truck was struck on the right rear by a southbound vehicle driven by William W. Smith, Deputy Sheriff of Bossier Parish.
Jenkins asserts the collision occurred because Stonebraker was driving his car on the wrong side of the highway and Stone-braker, in turn, asserts Jenkins was operating his truck on the wrong side of the road.
The trial judge concluded the accident occurred in Stonebraker’s lane of travel and awarded judgment in his favor. Appeals have been taken by Jenkins and Firemen’s Insurance Company of Newark, New Jersey. Stonebraker has also appealed from that portion of the judgment denying him recovery against Deputy Smith and his insurer.
*700 As to liability the issue presented is purely factual and depends upon a determination of which version of the accident is correct.
The only eyewitnesses testifying were the three drivers involved in the accident and, as is usual in this type case, their testimony is conflicting on several material points. B. L. Lott, of the Bossier City police force, was near the scene of the accident at the time it occurred and testified as to his findings. The trial judge made the following comments about the testimony of Lott:
“According to Officer B: L. Lott of the Bossier City Police, who investigated the accident, he was just south of the scene and saw at least a part of the accident in his rear view mirror. He was about 300 yards south of the scene and was back at the scene within about ten seconds.
Officer Lott testified that the impact between the Jenkins truck and the Stone-braker car occurred in the northbound lane of the then two-lane highway. This placed the Jenkins truck in the wrong lane of traffic. There is no explanation by Jenkins as to his presence in the wrong traffic lane and this in itself has been held a presumption that his negligence proximately caused the accident. High-tower vs. Dr. Pepper Bottling Co. [La. App.], 117 So.2d 642; Hunter vs. Bedsole & Shetley [La.App.], 121 So.2d 772”
With reference to the alleged negligence of Deputy Smith the trial judge found:
“Turning to the alleged negligence of Deputy Smith in striking the Jenkins truck after the first accident occurred, it appears from the evidence that Deputy Smith was confronted with an unusual situation which he had no reason to expect upon the highway while he was traveling at a reasonable speed with his vehicle under control and that he applied his brakes, turned to the right and did all that he could as soon as he saw the Jenkins truck partially blocking the southbound lane of the highway, but he was unable to avoid striking the right rear fender with his left front fender.
The facts of this case regarding Smith’s negligence seem to fall clearly within the exceptions mentioned in the case of Cain vs. Lumbermen’s Mutual Casualty Company, Inc., et al. [La.App.], 178 So.2d 483, cited by counsel for plaintiff, rather than the general rule that a motorist has the duty to discover another vehicle in the road ahead of him if such discovery can be made by the exercise of ordinary and reasonable care.”
We see no necessity of discussing in detail the testimony of the various witnesses appearing in the court below. We are satisfied from our review of the record the trial judge was correct in finding the accident was caused solely by the fault of Jenkins.
John D. Stonebraker was injured rather painfully in the accident for which injuries the lower court awarded his father, as his administrator, the sum of $4500.00. The additional sum of $195.00 was awarded the minor’s father for dental expenses incurred on behalf of his son. Additionally, there was judgment in favor of the United States of America in the sum of $235.00 for medical expenses due them for hospitalization and treatment of John D. Stonebraker. None of these awards is questioned on appeal and each is amply supported by the record. The intervention of Confederate Memorial Hospital, as sub-rogee of plaintiff, was rejected and since it has not been appealed its demand is not before this court.
■For the reasons assigned the judgment appealed from is affirmed at the cost of Billie Sammie Jenkins and Firemen’s Insurance Company of Newark, New Jersey.
Affirmed.