LEAR, Judge.
After a trial on the merits, plaintiff was awarded the sum of $971.63 for personal injuries and property damage resulting from an automobile accident which occurred on Creole Street in the City of Lake Charles, Louisiana, on January 21, 1967, at approximately 10:00 A.M. The defendant appeals the judgment of the city court, asking that this court reverse the trial court or, in the alternative, reduce the amount awarded for lack of proper proof.
The facts show that defendant’s insured, Mrs. Betty Hebert, lives on the east side of Creole Street almost directly across from plaintiff’s residence. Creole Street is shown to be a normal two-lane city street, running generally north and south, and estimated to be from 22 to 26 feet wide. On the morning of the accident, both drivers were backing from their respective driveways, each intending to proceed north on Creole Street. Plaintiff testified that as he was backing out, he observed Mrs. Hebert’s vehicle backing from her driveway. He then brought his vehicle to a stop some two and one-half to three feet past the west curb of Creole Street. He stated that Mrs. Hebert continued to back across the northbound traffic lane and partially across the southbound or west lane of the street, striking plaintiff’s vehicle in the right rear. A sketch of the area and point of collision was made by plaintiff and introduced without objection as P-4, but apparently did not come up with the record. Mr. O’Neal further testified that Mrs. Hebert apologized, stating that she did not see plaintiff’s car and that the accident was her fault.
Also, according to the plaintiff, Mrs. Hebert was backing her vehicle at a rate faster than normal for a backing maneuver.
*813 It was plaintiff’s testimony that he had backed out into the street approximately two and one-half to three feet before noticing Mrs. Hebert backing out, and that at the time he noticed Mrs. Hebert backing her vehicle from her driveway, that he stopped his car; that the point of collision was at the point where his vehicle stopped some two and one-half to three feet from the west curb of Creole Street. He did admit that he saw Mrs. Hebert when she got into her car, but that he did not watch her all through her backing maneuver; that when he noticed her backing across the street, he immediately applied his brakes. Further along in his testimony, Mr. O’Neal states that he did watch Mrs. Hebert’s vehicle through his rear-view mirror; that apparently he had gotten two and one-half to three feet into the street at the moment he realized Mrs. Hebert had not seen his vehicle, at which time he realized that a collision was possible and applied his brakes. Almost immediately after applying his brakes, his vehicle was struck by the Hebert automobile. He estimated that the Hebert vehicle was approximately six to eight feet from his vehicle at the time Mr. O’Neal applied the brakes.
Plaintiff called Mr. Thomas Cholley, a driver for the Borden Company in Lake Charles, who was an eyewitness to the accident. Mr. Cholley testified that he saw the O’Neal vehicle, which he described as a white car, and the Hebert vehicle, which was a black car, backing from their respective driveways. He stated that the Hebert vehicle was backing at a high rate of speed, and that the white vehicle stopped before the collision. Mrs. Hebert testified that she at no time observed Mr. O’Neal backing out of his driveway. She testimated her speed while backing at five miles per hour and described the collision as a slight bump. She stated that Mr. O’Neal moved his vehicle on up into his driveway after the collision, and that neither car bounced from the impact. Mrs. Hebert stated that Mr. O’Neal told her immediately after the accident that he had not seen her vehicle; that he stated the accident was unavoidable, and that both parties were negligent.
The court will first consider the negligence, if any, of Mrs. Hebert.
Our courts have held that backing of a motor vehicle is not negligence in and of itself, and it is negligence only when done in an unreasonable manner. Kraft v. U. Koen & Co., La.App., 188 So.2d 203. “A motorist in backing his vehicle must exercise ordinary care so as not to injure others by the operation, and he must take the necessary precautions to see that movement may be made in safety”, Valentine v. J. D. Marcom Service & Supply Co., La.App., 128 So.2d 218, 60 C.J.S. Motor Vehicles § 302.
In the instant case, Mrs. Hebert admits that she was not keeping a proper lookout and, in fact, did not see the O’Neal vehicle until after the collision. This court is therefore of the opinion that Mrs. Hebert was guilty of negligence proximately causing this accident.
The issue remains as to whether or not Mr. O’Neal was likewise guilty of negligence contributing to or causing this accident. If we take the testimony of Mrs. Hebert, who states that Mr. O’Neal told her he did not see her vehicle until the moment of collision, the court would have to find that Mr. O’Neal was likewise guilty of failing to keep a proper lookout. If we take the testimony of Mr. O’Neal himself, who stated that he saw the Hebert vehicle but did not apply his brakes until almost at the moment of collision, the court is likewise of the opinion that Mr. O’Neal was negligent. When asked how soon after he applied his brakes did the collision occur, he said “immediately”. Since Mr. O’Neal states that he saw Mrs. Hebert get into her car and that he watched her during the backing maneuver ' through his rear-view mirror, this court feels that Mr. O’Neal was negligent in not taking any precaution prior to backing his vehicle into the street.
*814 For the reasons above stated, judgment of the trial court is reversed; defendant-appellee to pay all costs.
Reversed and rendered.