LANDRY, Judge.
This action results from a rear end automobile collision between a 1959 Ford belonging to plaintiff Claude Prudhomme, Jr. and being driven by his minor brother, Ronald Charles Prudhomme, and a 1966 Ford owned and being operated by defendant John Dore, insured of Travelers Insurance Company (Travelers).
The accident occurred at approximately 4:00 P.M., November 1, 1966, at the intersection of Eugene Street (a north-south roadway) and Main Street (an east-west thoroughfare), Baton Rouge, Louisiana, during a rain of sufficient intensity to impair vision to some extent. The intersection was controlled by a traffic light.
Defendant Dore, driving westerly along Main Street was “caught” in the intersection during a light change because of the inability of forward traffic to move ahead for some unexplained reason. Finding himself in this predicament, defendant attempted to back in an easterly direction to clear the intersection after the light *475 changed from green to red. As he was attempting this maneuver, he was struck from behind by the westbound vehicle being driven by young Prudhomme.
Plaintiffs appeal from the judgment of the trial court rejecting their claims for damages to the Prudhomme vehicle, personal injuries to the Prudhomme youth and medical expense incident to treatment therefor. In particular plaintiffs urge the trial court erred in finding Ronald Prud-homme guilty of negligence constituting a proximate cause of the accident, namely, failure to maintain a proper lookout. We concur in the results reached by the trial court and affirm the decision rendered below.
Defendant’s testimony is to the effect he was proceeding along Main Street at a slow rate of speed, the last vehicle in a long line of westbound motorists. As he entered the intersection at Eugene Street the light began to turn from green to red and the traffic ahead stalled for some reason unknown to defendant. Finding himself thus “trapped” in the intersection and unable to proceed, defendant elected to back his automobile out of the intersection to permit passage of motorists north and southbound on Eugene Street. Defendant stated he first checked traffic to the rear by consulting both his inside and outside rear view mirrors. Observing no westbound traffic to his rear, he proceeded to back up and when he had traveled an estimated distance of half a car length, his vehicle was struck from behind.
Young Prudhomme testified he was proceeding westerly on Main Street at a relatively slow rate of speed. He conceded it was raining at the time but maintained visibility was good. He acknowledged recognizing the congestion prevailing at the time and slowing the speed of his vehicle because of this condition. Prudhomme summarized the ensuing events as follows:
“Q. Well, in your own words will you tell the Court how this accident occurred ?
A. It was real sudden. All I remember is seeing Mr. Dore’s car backing up and I was trying to stop and I wasn’t going but about 15 or 20 miles an hour at the most. I was trying to stop and it was misty and all I know we hit together and my head hit the windshield and I just — you know just — I was stunded (sic).”
The testimony of Officer J. W. Dabadie, City Policeman, adds little light considering the falling rain obliterated all physical evidence of the point of impact prior to his arrival upon the scene. His report, however, predicated upon statements obtained from the parties involved and certain eye witnesses accords in large measure with the version of the mishap related by the drivers involved.
Mrs. Beverly Lacey testified she was northbound on Eugene and the first car stopped at the intersection in obedience to an unfavorable traffic signal. She further testified defendant was stopped virtually in the center of the intersection when the light began to change. Having an unobstructed view of both the Dore and Prud-homme vehicles, she anticipated the collision before its occurrence. Her own words tell the story graphically, as follows:
“A. Well, it appeared as though there would be a wreck, yes.
Q. This was your estimate based on what you saw was the speed of the Prudhomme car, is that true? You thought the Prudhomme car would not be able to stop before hitting the Dore car, isn’t that correct ?
A. That’s the way it looked, yes. That’s right it didn’t appear as though it was going to — it was wet, it was raining and it just looked like there was going to be an accident. We called it before it happened.”
We concur in the trial court finding that defendant Dore was guilty of *476 actionable negligence under the circumstances. It is settled law that a motorist backing his vehicle on a public roadway must do so only after ascertaining such a maneuver may be executed in safety and will in no way jeopardize the safety and property of others. O’Neal v. Allstate Insurance Company, La.App., 206 So.2d 811; 60 C.J.S. Motor Vehicles § 302. That defendant Dore violated this cardinal principle is manifest from his own testimony. Although he looked to his rear, he nevertheless discharged only part of the burden incumbent upon him. By his own admission, he did not see the approaching Prud-homme automobile until it was approximately 20 feet distant at which time a collision was inevitable. It is axiomatic that a motorist is charged with having seen what he could or should have seen upon exercise of reasonable observation, and that to look and fail to see is tantamount to not looking at all.
Defendant alternatively charges young Prudhomme with contributory negligence which is established by the record. The degree of care exacted of a following or overtaking motorist has been repeatedly enunciated. In Viator v. Gilbert, La.App., 206 So.2d 106, our brothers of the Fourth Circuit concisely stated the applicable rule as follows:
“* * * It is well settled that the operator of a following vehicle must keep his vehicle under control, closely observe the forward vehicle; and if a rear end collision occurs, he is presumed to be negligent. Bouis v. Employers Liability Assurance Corporation, La.App., 160 So.2d 36; Foster v. Phoenix Insurance Company, La.App., 146 So.2d 647; Poleman v. Employers Liability Assurance Corp., La.App., 164 So.2d 630; Cain v. Lumbermens Mutual Casualty Company, La. App., 178 So.2d 483.”
The inclement weather prevailing on the day of the accident increased the responsibility for the exercise of care chargeable to each of the drivers concerned. It is obvious from his own testimony that Prudhomme was not maintaining a proper lookout inasmuch as he was unable to relate his distance from the Dore vehicle when he noted its presence ahead. His only recollection was that when he became aware of the forward vehicle an emergency was presented and he immediately and instinctively applied his brakes. We believe that since Prudhomme was traveling at a relatively slow rate of speed, had he been attentive to the surrounding circumstances and been keeping a proper lookout ahead he would have detected the Dore automobile in time to stop and avoid the collision. We find his failure in this respect to constitute a proximate cause of the accident barring his right to recover. See Jacobs v. State Farm Mutual Automobile Ins. Co., La.App., 191 So.2d 908.
Accordingly, the judgment of the trial court is affirmed at appellants’ cost.
Affirmed.