MILLER, Judge.
Defendants appealed the $347.37 judgment awarding property damages to Jerry and Barbara Davide. Mrs. Davide backed their automobile into the disabled street packer or roller owned by Jackson Paving Company and used in their paving operations.
Plaintiffs’ residence is located at the west end of St. Francis Street, an east-west 14 foot wide dead-end street. There are two residences on the south side of the street, but only vacant lots located on the north side. Mrs. Davide testified that cars did not park on the north side of the street because there were no houses on that side.
To get to a through street, the Davides back their car in an easterly direction on St. Francis Street until they reach one of the neighbors’ driveways (on the south side of the street). If the driveways are occupied, they back the 250 to 300 foot distance to Louisiana Avenue, which intersects St. Francis Street.
At 7:30 a. m. on October 5, 1967, Mrs. Davide left to take her children to school. There was a heavy fog which limited her visibility to about 20 to 25 feet. Her rear window was obscured with dew, but she did not clean it. She left the driver’s door open and leaned out to look behind while backing her automobile down the street. As she reached the neighbors’ driveways she saw that they were blocked so proceeded to back the 250 feet to Louisiana Avenue.
*360 When about 100 feet from her home, she backed into defendants’ yellow 4 foot by 6 foot Gallion roller packer which was parked on the north side or center of the street. According to plaintiffs the roller blocked a large part of the street, but defendants’ evidence suggests that it blocked only a small part of the street.
Mr. Davide backed along this same route just 30 minutes before Mrs. Davide backed into the roller. He did not indicate that he had difficulty in seeing the roller, but did have difficulty backing around it. Tr. 47. He didn’t know why his wife wasn’t able to see it. Tr. 48.
Pretermitting the question of negligence on the part of Jackson Paving Company in failing to completely remove the disabled roller packer from the paved portion of this little used street, we find that Mrs. Davide’s negligence was the proximate cause of this accident.
A motorist in backing his vehicle must exercise ordinary care so as not to injure others by the operation, and he must take the necessary precautions to see that movement may be made in safety. O’Neal v. Allstate Insurance Company, 206 So.2d 811 (La.App.3d Cir. 1968).
Mrs. Davide failed to keep a proper lookout, either because of the obscured rear window, the fog, or her erroneous assumption that nothing would be parked along thé north side of St. Francis Street. Her negligence was the proximate cause of this accident.
The judgment of the trial court is reversed. Judgment is rendered in favor of Jackson Paving Company, Otto Hilton and Mack W. Herrington rejecting plaintiffs’ demands. All costs both at trial and on appeal are assessed to plaintiffs.
Reversed and rendered.
FRUGÉ, J., respectfully dissents. The trial judge correctly disposed of all issues.