**Gordon L. GOUDEAU, Jr.,**

v.

**Joseph W. CHRIST, Robert C. Seaman, Jr., Secretary of the United States Air Force, and the United States Government, through the Attorney General of the United States, John N. Mitchell.**

**Civ. A. No. 14658.**

United States District Court,
W. D. Louisiana,
Alexandria Division.

March 12, 1971.

---

7. 5 U.S.C. § 552(b) (4) (Supp. IV, 1969).

Christopher J. Roy, Alexandria, La., for plaintiff.

D. H. Perkins, Jr., Asst. U. S. Atty., Shreveport, La., for defendants.

NAUMAN S. SCOTT, District Judge:

This action is a tort claim against the United States as a result of an automobile accident between plaintiff and Joseph W. Christ, an Airman in the United States Air Force, driving an official vehicle on a mission for the United States Air Force. This Court has jurisdiction under 28 U.S.C. § 1346 and 28 U.S.C. § 2671 et seq.[1]

On May 20, 1968, between 7:30 o'clock and 8:00 o'clock a.m. Airman Christ was driving south on U. S. Highway #71 about eight miles south of Alexandria at a speed of about fifty (50) miles per hour. Christ was approaching a T-intersection just north of the campus of Louisiana State University–Alexandria when he noticed that the two vehicles preceding him had stopped at the blinking yellow caution light suspended over the intersection. He immediately slammed on his brakes which caused his vehicle to veer to the left into the left side of a vehicle driven by Gordon L. Goudeau, Jr., which was proceeding north in the north bound lane of traffic. The Goudeau vehicle came to rest in the

---

1. Section 2671 provides, in part " 'Employee of the government' includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."

**1156**

ditch adjacent to the north bound lane of traffic.

U. S. Highway #71, at the point of the accident, consists of single north and south bound lanes. There are no curves in the immediate vicinity of the T-intersection. The intersection is well known and adequately marked by a blinking yellow caution light which was admittedly in operation on the day of the accident. The day was dry and clear. Christ stated that he had been following the cars preceding him for some time and when he noticed that they had halted at the intersection he applied his brakes and his vehicle slid to the left into the oncoming lane because his brakes were not "grabbing right".

LSA–R.S. 32:81(A) provides that: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."

■ It is well settled that the operator of a following vehicle must keep his vehicle under control, closely observe the forward vehicle, and if a rear-end collision occurs, he is presumed to be negligent. See Bouis v. Employers Liability Assurance Corporation, 160 So.2d 36, (La.App. 3 Cir. 1963); Foster v. Phoenix Insurance Company, 146 So.2d 647 (La.App. 1 Cir. 1962); Poleman v. Employers Liability Assurance Corporation, 164 So.2d 630 (La.App. 3 Cir. 1964); Cain v. Lumbermen's Mutual Casualty Company, 178 So.2d 483 (La.App. 1 Cir. 1965).

■ The evidence clearly indicates that, although Airman Christ had observed the vehicles in front of him for some time, he had to slam on his brakes in order to avoid a collision with them when they stopped at the intersection; the condition of the weather and the highway was good. There were no obstructions to Christ's view. It is clear from the evidence that if Airman Christ had been keeping a proper lookout, maintaining proper control and main-taining a safe distance between his vehicle and the vehicles preceding it, he would not have had to slam on his brakes and the accident would not have occurred. There is no evidence to support his statement that his brakes were not "grabbing right". He was negligent.

■ Where an accident occurs primarily because of a vehicle's invasion of a part of the roadway reserved for traffic approaching from the opposite direction, the invading motorist must prove by clear and convincing evidence that his own negligence did not in any particular contribute to the mishap. Rizley v. Cutrer, 232 La. 655, 95 So.2d 139; Breaux v. Valin, La.App. 3 Cir., 138 So. 2d 405; Miller v. Hayes, La.App., 29 So.2d 396; Noland v. Liberty Mutual Ins. Co., 232 La. 569, 94 So.2d 671; and Thibodeaux v. Travelers Indemnity Co., La.App. 3 Cir., 215 So.2d 215. Defendant has not sustained its burden of proof. Defendant did not prove that Airman Christ was free of fault. On the contrary, from the preponderance of the evidence it is clear that Airman Christ's actions were the sole proximate cause of the accident.

There is no evidence that plaintiff Goudeau was guilty of any negligence whatsoever. Clearly he was not contributorily negligent for failing to anticipate and avoid the sudden appearance in his lane of the oncoming vehicle of Airman Christ. Rizley v. Cutrer, supra, and Thibodeaux v. Travelers Indemnity Co., supra.

### QUANTUM

■ Although plaintiff Goudeau continued to work on the date of the accident and has continued to perform his duties as a State Trooper since the time of the accident, it is evident that he fractured two ribs and sustained a relatively severe neck injury. While the symptoms of his neck injury are principally subjective and the details regarding the amount of pain suffered by him and the frequency of these attacks of

pain were established essentially by his own testimony and that of his wife, the Court was favorably impressed by his candor. Although he often secured the help of his fellow troopers, he freely admitted that he had continued to work regularly since the date of the accident and that on many occasions he was absolutely free of pain. However, he did consult his family physician, Dr. Guiffre, on the day of the accident and was advised that he had fractured two ribs and sustained a neck injury. When plaintiff failed to get relief from the neck injury, Dr. Guiffre referred him to Dr. T. E. Banks, an orthopaedic surgeon in Alexandria, who prescribed traction by a head halter. Because of continued persistent pains in the neck, plaintiff consulted Dr. Harry F. Jones, an orthopaedic surgeon in Shreveport, and when the pain in his neck failed to respond to Dr. Jones' treatment, a myelogram was performed in 1970. The myelographic study revealed a compression of the spinal cord at the C-3 and 4 level with a degenerative bony spur. Dr. Warren D. Long, a neurosurgeon, reviewed plaintiff's history and the myelogram and confirmed this diagnosis. Plaintiff was also examined by Dr. Paul J. Stucker at the Fort Polk Hospital.

The preponderance of the evidence is to the effect that plaintiff Goudeau was not suffering from pains in the cervical area prior to the accident of May 20, 1968, that he has had frequent occasions of pain since that time, that his condition can be relieved but not cured by continuing the use of traction on the occasions when the pain becomes severe, that plaintiff has no chance of permanent relief unless surgery is performed, that although plaintiff suffers pain in the cervical area on occasions, the pain is not now and may never be of sufficient severity to induce plaintiff to endure surgery.

Plaintiff is awarded damages in the amount of Ten Thousand and No/100 ($10,000.00) Dollars for pain, suffering, mental anxiety and disability, past, present and future, and Four Hundred Twenty Nine and 74/100 ($429.74) Dollars for medical expenses.

### JUDGMENT

This cause having come on for trial pursuant to regular assignment, the law and evidence being in favor thereof, and for written reasons this day assigned, it is

Ordered, Adjudged and Decreed that there be judgment herein in favor of Gordon L. Goudeau, Jr. and against United States of America in the amount of Ten Thousand, Four Hundred Twenty Nine and 74/100 ($10,429.74) Dollars and for all costs of these proceedings.