WATSON, Judge
(dissenting).
This is a fact case and I respectfully suggest that there is no manifest error in the trial court’s factual determinations.
The trial court found that Eva Dell Thi-bodeaux was negligent in turning from an inferior street onto a major highway without ascertaining that her turn could be made safely. The trial court also found Wilber J. Lyons negligent in failing to stop within the range of his vision; that he was traveling at an excessive rate of *614 speed under the existing weather conditions ; and that he was not keeping a proper lookout. This finding was based on the trial court’s conclusion that the collision occurred approximately 160 feet to 180 feet from the intersection and that the Thibodeaux vehicle had already completed its turn at the time of the collision.
It is true that the testimony in the record is conflicting; even that of the various parties in the Thibodeaux vehicle is dissimilar on several points. However, the trial judge heard the witnesses and drew his conclusions of fact from their testimony. In my opinion, there is a reasonable basis in the evidence for his findings.
On the question about the distance between the intersection and the point of impact, it is correct that the Thibodeaux vehicle was only 152 feet' — as measured by the trooper’s “pacing” — from the intersection, but it is also true that the Thibodeaux vehicle was located on the west side of the road, which strongly indicates that the turn had been completed before the collision. The point is that physical facts are not conclusive and are subject to differing, but equally reasonable, interpretations.
On the question of Lyons’ speed, there is evidence in the trooper’s estimate, in the passenger’s (Paddio) telling the driver that she had time to pull out, in the weather conditions, and in Lyons moving his vehicle after the accident on which the trial court may have found excessive speed under the conditions. It should be remembered that the trial court was considering an accident where the weather conditions were misting rain and darkness.
The majority necessarily reject the testimony of the people in one vehicle and accept that of Lyons, the driver of the pickup.
While there are contradictions in the testimony of plaintiff’s witnesses, there are also some contradictions in Mr. Lyons’ testimony as to when he first saw the Thibo-deaux vehicle, and as to how far his vehicle traveled after the collision. Since he admitted he moved his truck before Trooper Veronne arrived at the scene and there were no skid marks or debris at the point of collision, it was not possible for Trooper Veronne to establish the point of impact, or where the Lyons vehicle came to rest.
On the basis of the record, I find no manifest error in the trial court’s determination that both Eva Dell Thibodeaux and Wilber J. Lyons were guilty of negligence and that the negligence of both contributed to the accident. The trial judge had an opportunity to observe the demeanor of the witnesses and to judge their credibility. He accepted the testimony of the occupants of the Thibodeaux vehicle to the effect that the collision occurred past the intersection after the Thibodeaux vehicle had in fact completed its turn. There is testimony in the record to support this finding. There is also evidence that if Mr. Lyons had been traveling at a safe speed for the existing weather conditions and keeping a proper lookout he could have avoided the accident by passing the Thibodeaux vehicle on the left. Prudhomme v. Dore, 223 So.2d 474 (La.App. 1 Cir. 1969). The questions presented to the trial court require a resolution of conflicting testimony and interpretation of physical facts. The matter is strictly a factual one, and I find no manifest error in the trial court’s conclusion that Mr. Lyons was guilty of negligence which was a cause of the accident. Odom v. Hooper, La., 273 So.2d 510 (1973). I would affirm.
For the foregoing reasons I dissent.